UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ICPEP, LLC,<br><br>     Plaintiff,<br><br>vs.<br><br>SMC SPECIALTY FINANCE, LLC,<br>GARY S. RASKIN, and<br>ALASTAIR BURLINGHAM,<br><br>     Defendants. | Case No. 1:24-cv-01819 |

**DEFENDANTS' OMNIBUS OBJECTION TO
REQUEST FOR JUDICIAL NOTICE**

Defendants SMC Specialty Finance, LLC; Gary Raskin, and Alastair Burlingham ("Defendants") hereby object to Plaintiff ICPEP LLC's ("Plaintiff") (i) *Request to Take Judicial Notice of Evidence Submitted Supporting its Brief Opposing defendants' Motion to Reconsider Order Granting Leave of Court to Take Limited Personal Jurisdiction Discovery From Defendants* (ECF No. 31) ("Motion to Reconsider RJN") and (ii) *Request to Take Judicial Notice of Evidence Submitted Supporting its Brief in Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Alternative Motion to Compel Arbitration* (ECF No. 16) (Motion to Dismiss RJN")[1] as follows:

---

[1] Although the Motion to Dismiss RJN was filed in support of Plaintiff's Opposition to the Motion to Dismiss (to which Defendants have not yet responded as briefing is currently stayed, *see* ECF No. 25), Plaintiff has seemingly attempted to incorporate its Motion to Dismiss briefing into its Opposition to the Motion to Reconsider (*see* ECF No. 32 at ¶ 10), and therefore Defendants address it herein in connection with the Motion to Reconsider.

**Exhibit U to the Motion to Reconsider RJN (ECF No. 30-4)**. Defendants object to Exhibit U, which is a purported printout from the Indiana Secretary of State website. Plaintiff offers this exhibit as purported proof that the Indiana Secretary of State "regulates. . .investment securities." (ECF No. 32 at ¶ 37.) While the Court may be permitted to take judicial notice of the existence of this webpage, the Court cannot take judicial notice of its contents. *See, e.g., Adams v. Atl. Richfield Co.*, No. 2:18-CV-375-JVB-JPK, 2021 WL 4819608, at *2 (N.D. Ind. Oct. 15, 2021). Regardless, the Indiana Secretary of State's ability to regulate investment securities is completely irrelevant to the issue of specific jurisdiction as discussed in Defendants' Reply in support of the Motion to Reconsider (ECF No. 33 at 13) and therefore Exhibit U is inadmissible anyway. *See* Fed. R. Evid. 401; 403.

**Exhibits M, N, and O to Motion to Dismiss RJN (ECF Nos. 14-3, 14-4, and 14-5.)** Defendants object to each of these exhibits, which are purported printouts from the IMDb page of each of the Defendants. Plaintiff offers these exhibits to argue that Defendants have profits interests in movies that may have been distributed in Indiana. (ECF No. 17 at ¶ 52.) But again, a Court cannot take judicial notice of the contents of a webpage to establish any facts subject to dispute. *See, e.g., Adams*, 2021 WL 4819608, at *2. The Court therefore cannot accept the contents of the IMDb page as established fact, as Plaintiff has requested the Court do. Regardless, any potential profits interest in movies that may or may not be distributed in Indiana has no bearing on the specific jurisdiction analysis (*see* ECF No. 27 at 15–16) and therefore the exhibits are inadmissible anyway and should not be judicially noticed.[2]

---

[2] Indeed, Plaintiff implicitly concedes in its Opposition to the Motion to Reconsider that any such interests are not relevant to the jurisdictional issues before the Court. (ECF No. 32 at ¶ 44.)

DATED:  January 3, 2025        Respectfully submitted,

*/s/ Andrew F. Marquis*
Andrew F. Marquis | Attorney No. 28666-49
amarquis@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Telephone: 317-637-1777
Facsimile: 317-687-2414

*Attorney for Defendants, SMC Specialty Finance, LLC, Gary S. Raskin, and Alastair Burlingham*