UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ICPEP, LLC,                              )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )       No. 1:24-cv-01819-JRS-KMB
                                         )
SMC SPECIALTY FINANCE, LLC, et al.,      )
                                         )
              Defendants.                )

## ORDER

Currently pending before the Court is a Motion for Reconsideration filed by Defendants SMC Specialty Finance, LLC ("SMC"), Gary S. Raskin, and Alistair Burlingham (collectively, the "Defendants").  [Dkt. 26.]  Plaintiff ICPEP, LLC ("ICPEP"), opposes Defendants' Motion for Reconsideration.  [Dkt. 32.]  For the reasons discussed herein, Defendants' Motion for Reconsideration is **GRANTED**.  [Dkt. 26.]  The Court **VACATES** its previous Order allowing ICPEP to take limited jurisdictional discovery, [dkt. 19], and it now **DENIES** ICPEP's request for leave to take that discovery, [dkt. 15].  ICPEP's various motions for judicial notice or to submit additional evidence are **DENIED** for the reasons stated herein.  [Dkts. 16; 31; 36; and 41.]

## I.    RELEVANT BACKGROUND

Defendant SMC is a media finance company that was "formed, located, and [is] operating out of California."  [Dkt. 29 at 1-2.]  A portion of SMC's business "consists of making loans to 'Hollywood' film and television projects, producers, and production companies who use the loan proceeds to finance a portion of the production costs for feature motion pictures and television shows they produce."  [*Id.*]  Defendants Raskin and Burlingham jointly own and manage SMC. [Dkts. 28 at 1; 29 at 1.]  Defendants Raskin and Burlingham reside in California.  [Dkt. 1-2 at 2.]

In August 2024, ICPEP sued the Defendants in state court in Indiana, alleging that Defendants solicited ICPEP in Indiana in May 2022 to participate in a $2,000,000 senior commercial loan to fund a portion of the production costs of the feature film "The Present." [Dkt. 1-2 at 5.]  ICPEP's Complaint sets forth various details of the Parties' business dealings, including misrepresentations that ICPEP contends were made to it regarding its loan priority related to the film.  [*Id.* at 5-10.]  ICPEP asserts various claims related to these alleged misrepresentations, SMC's alleged failure to pay ICPEP money it contends it is owed, Defendants' alleged fraud, and various other legal claims related to the Parties' dealings.  [*Id.* at 5-41.]

The Defendants removed this case to federal court in October 2024.  [Dkt. 1.]  Shortly thereafter, Defendants filed a Motion to Dismiss for Lack of Jurisdiction, or in the Alternative, to Compel Arbitration ("Motion to Dismiss").  [Dkt. 8.]  In that Motion, Defendants ask the Court to either dismiss this case because they contend that this Court does not have personal jurisdiction over the Defendants, [dkt. 9 at 8-12], or, alternatively, to compel arbitration because of arbitration provisions in various funding agreements at issue, [*id.* at 12-17].

ICPEP opposes Defendants' Motion to Dismiss.  [Dkt. 17.]  On the same day that ICPEP filed is thirty-page opposition to the Defendants' Motion to Dismiss, it also filed a Motion for Leave of Court to Take Limited Personal Jurisdiction Discovery from Defendants ("Motion for Limited Discovery").  [Dkt. 15.]  The Court granted ICPEP's discovery motion a few days later, [dkt. 19], in part due to a mistaken belief that it was unopposed by the Defendants.

Counsel requested a Telephonic Status Conference, which the undersigned promptly held on December 6, 2024.  [Dkt. 25.]  At that status conference, the undersigned acknowledged that she had granted ICPEP's Motion for Limited Discovery because she erroneously believed it was unopposed by the Defendants.  The Court stayed the discovery deadline set forth in the Order at

issue and set a briefing schedule on Defendants' anticipated motion to reconsider.  [Dkt. 25.]

Defendants subsequently filed their Motion to Reconsider, [dkt. 26], which ICPEP opposes, [dkt.

32].  Defendants' Motion to Reconsider is now fully briefed and ripe for the Court's review.

ICPEP has also filed multiple motions outside the standard briefing schedule related to

either Defendants' Motion to Dismiss or Defendants' Motion to Reconsider.  In those motions,

ICPEP asks the Court to take either judicial notice of various things or allow additional evidence

to be submitted in support of ICPEP's positions on the pending motions.[1]  [Dkts. 16; 31; 36; and

41.]  The Court will also address those pending motions in this Order.

## II.    DISCUSSION

### A.  Defendants' Motion to Reconsider

Defendants ask the Court to reconsider its previous Order granting ICPEP's request to take

limited jurisdictional discovery for two main reasons.  First, Defendants argue that the original

motion was "granted under the incorrect belief it was unopposed" by Defendants.  [Dkt. 27 at 1.]

Second, Defendants contend that on its merits, the underlying motion for leave to take limited

jurisdictional discovery should be denied, such that the Court should reconsider its previous Order

because the underlying decision should be reversed.  [*Id.*]

ICPEP opposes Defendants' Motion to Reconsider, emphasizing that motions of this nature

are only to be granted when a manifest error of law or fact was made by the Court.  [Dkt. 32 at 1-

---

[1] As the Court has already indicated, "those motions have considerably complicated and slowed down the Court's review and ability to issue a full written decision on the pending Motion to Reconsider . . . ."  [Dkt. 44.]  After reviewing the briefing on the Parties' various motions, however, it was clear to the Court that Defendants' Motion to Reconsider would be granted and ICPEP's request for jurisdictional discovery would be denied.  [*Id.*]  Thus, to keep the case proceeding, the Court issued a preliminary ruling indicating those decisions and set a reply brief deadline for Defendants' Motion to Dismiss so that motion could be fully briefed.  [*Id.*]  Defendants have since filed their reply brief.  [Dkt. 45.]  A ruling on Defendants' Motion to Dismiss will be issued in due course.

3.] ICPEP then argues at length that it should be allowed to obtain the limited discovery it sought in the underlying motion, alleging that Defendants made multiple misrepresentations in their Motion to Reconsider. [*Id.* at 4-23.]

In Defendants' reply brief, they emphasize again that their Motion to Reconsider should be granted because the undersigned acknowledged a mistaken belief that the underlying discovery motion was unopposed by Defendants. [Dkt. 33 at 1-4.] Defendants also reply to various substantive arguments made by ICPEP in its opposition, emphasizing that ICPEP still fails to assert a basis for the jurisdictional discovery it seeks. [*Id.* at 4-15.]

Defendants' Motion to Reconsider is governed by Federal Rule of Civil Procedure 54(b) because no final judgment has been entered in this case. *See* Fed. R. Civ. Pro. 54(b) (stating that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Motions to reconsider "'serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Eli Lilly & Co. v. Arch Ins. Co.*, 2024 WL 1285713, at *2-3 (S.D. Ind. 2024) (quoting *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009)). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Eli Lilly*, 2024 WL 1285713, at *3 (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). That said, motion practice is not supposed to be an "exercise in trial and error" or a game of "maybe-maybe not" where a party can withhold arguments from the first motion and present them later if the motion fails. *Eli Lilly*, 2024 WL 1285713, at *3.

The Court grants Defendants' Motion to Reconsider its Order Granting ICPEP's Motion for Leave to Take Limited Discovery. ICPEP's original motion asking for leave to take limited discovery was silent on the Defendants' position on it, [dkt. 15], but as the undersigned already acknowledged to counsel at the status conference held shortly after the Court granted ICPEP's motion, she granted ICPEP's motion in part because she erroneously believed that Defendants did not oppose it. In discussing the issue with counsel at that lengthy status conference, the undersigned specifically invited Defendants to file a motion to reconsider because this is exactly the type of situation where such a motion is appropriate. Specifically, it is undisputed that the Court's decision to allow ICPEP to conduct limited discovery was based on a manifest error of fact—*i.e.*, it was based at least in part on the erroneous belief that Defendants did not oppose the pending discovery motion and it was granted before Defendants' time to file its opposition had passed. The Court **GRANTS** Defendants' Motion to Reconsider, [dkt. 26], such that it reconsiders its prior decision and will now turn to the merits of ICPEP's underlying jurisdictional discovery request.[2]

## B. Merits of ICPEP's Request for Leave to Conduct Jurisdictional Discovery

The Parties spill much ink in the briefing regarding whether ICPEP should be allowed to conduct limited jurisdictional discovery related to Defendants' Motion to Dismiss. The Court will summarize the Parties' arguments at a high-level, given that it appears that their long and

---

[2] Frankly, the Court is surprised that ICPEP's briefing so fervently opposes that this is the type of situation where a motion to reconsider is appropriate, particularly given the lengthy status conference the undersigned held with counsel where she admitted to the mistaken factual belief that Defendants did not oppose ICPEP's request for discovery and invited Defendants to file a motion to reconsider. While ICPEP understandably opposes the merits of Defendants' underlying request that the Court reverse its decision allowing ICPEP to conduct limited jurisdictional discovery, its strong opposition to the actual reconsideration request seems overblown in these circumstances.

contentious history has unnecessarily bloated the briefing on the relevant issues related to ICPEP's jurisdictional discovery request.

ICPEP acknowledges that there is no basis for this Court to have general jurisdiction over the Defendants; rather, ICPEP requests leave to conduct discovery to get additional evidence of why it believes the Court has specific jurisdiction over the Defendants. [*See* dkt. 17 at 12 (ICPEP's brief opposing Defendants' Motion to Dismiss, acknowledging that ICPEP "admits general jurisdiction does not apply. The only issue here is specific personal jurisdiction . . . .").] In its original motion asking the Court for leave to conduct this discovery, ICPEP sought

> targeted and limited Fed. R. Civ. P. 34 production of documents from Defendant SMC SPECIALTY FINANCE, LLC; targeted and limited Fed. R. Civ. P. 36 admissions from each Defendant, Fed. R. Civ. P. 33 targeted and limited interrogatories to each Defendant or A Rule 30(b)(6) deposition of SMC in lieu of interrogatories.

[Dkt. 15 at 1.] ICPEP argues this discovery is necessary because it is "likely to reveal additional relevant contacts to the State of Indiana and its citizens showing specific personal jurisdiction" over the Defendants in this case. [*Id.* at 2.] ICPEP also believes that "targeted jurisdictional discovery should allow Defendants to clarify which movies they have profit interests in (requests for production and Interrogatories), and thereby determine whether they exploited the Indiana market for profit, which is an additional basis to find that Defendants should be expected to be haled into Court in Indiana." [*Id.*]

Defendants oppose ICPEP's request to conduct the requested jurisdictional discovery. [Dkt. 27 at 9-18.] Defendants argue that ICPEP should not be allowed to take jurisdictional discovery because the communications between Defendants and ICPEP are "already known to ICPEP and ICPEP already has copies of the emails and phone logs that would presumably evidence these contacts." [Dkt. 27 at 4 (emphasis omitted).] Defendants also claim that any additional

contacts relevant to the Motion to Dismiss are known to ICPEP.  [*Id.* at 14.]  Defendants allege

that ICPEP has not made a colorable showing of personal jurisdiction, so ICPEP should not be

allowed to take the jurisdictional discovery it seeks.  [*Id.* at 10.]

In response, ICPEP claims it has made a "colorable showing" of personal jurisdiction,

specifically pointing to "the parties' long history of solicitation of ICPEP and ICPEP's investments

with [Defendant] SMC."  [Dkt. 32 at 14.]  After an incredibly detailed recitation of all the contacts

between the Parties over the course of their lengthy business relationship, ICPEP states:

> By this point the Court may be asking, with so many demonstrated contacts
> targeting Indiana and its individual and corporate citizens, why the need for
> discovery?  **Plaintiff is not a mind reader and has no idea what the Court may
> require under these circumstances to determine the personal jurisdiction issue**,
> especially given that the determination of personal jurisdiction is so fact-specific
> and case sensitive.  *American Commercial Lines, LLC v. Northeast Maritime
> Institute, Inc*., 588 F. Supp. 2d 935, 942 (S. D. Ind. 2008).  Moreover, Defendants
> contend that Plaintiff's demonstrated contacts are "irrelevant."  Plaintiff does not
> agree, but even so, discovery should help clear things up.

[*Id.* at 16 (emphasis added).]

Defendants' reply brief primarily reemphasizes that the contacts relevant to the

jurisdictional analysis are already known to ICPEP.  [Dkt. 33 at 2.]  Defendants also repeat their

argument that ICPEP has failed to successfully argue personal jurisdiction.  [*Id.* at 4.]  Defendants

argue that ICPEP's statement that it has no idea what the Court "may require" under the

circumstances is "nonsensical" and cannot provide the basis to request "burdensome, expensive,

unnecessary, and open-ended discovery."  [*Id.* at 11.]

"To secure jurisdictional discovery, a plaintiff must, at a minimum, 'establish a colorable

or prima facie showing of personal jurisdiction.'"  *Gillam v. Abro Kalamazoo 3, Inc.*, 712 F. Supp.

3d 1079, 1082 (N.D. Ill. 2024) (quoting *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer

Express World Corp*., 230 F. 3d 934, 946 (7th Cir. 2000)).  A court will generally allow

jurisdictional discovery if the requesting party can show that "the factual record is at least ambiguous or unclear on the jurisdiction issue." *Id.* (citations omitted). However, a party is not always entitled to this discovery, even for purposes of responding to a motion to dismiss for lack of personal jurisdiction. *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997). "Using their power to control discovery, courts should take care to ensure that litigation of the jurisdictional issue does not undermine the purposes of personal jurisdiction law in the first place." *Id.*

After having reviewed the Parties' arguments on this issue, the Court now concludes that ICPEP has not shown that the factual record is at least ambiguous or unclear on the issue of whether this Court has specific personal jurisdiction over the Defendants. Thus, ICPEP will not be permitted to conduct the discovery that it seeks. The Court reaches this conclusion primarily because these Parties are far from strangers to each other, as their extensive and detailed briefing on the various pending motions proves. In fact, these Parties are so well-known to each other than ICPEP filed its opposition brief to the Defendants' Motion to Dismiss the same day it asked for leave to conduct the jurisdictional discovery. [*See* dkts. 15; 17.] In other words, ICPEP cannot contend that it does not already have enough information to oppose Defendants' arguments regarding the Court's personal jurisdiction over these Defendants because it has already filed a thirty-page brief opposing Defendants' Motion to Dismiss on the merits. [Dkt. 17.] A review of that brief reveals that more than half of it is focused on setting forth extensive details about each of the Defendants and then comprehensively arguing why ICPEP believes that this Court has personal jurisdiction over them in this case. [*See* dkt. 17 at 1-21.] This is clearly not a situation where the party seeking the jurisdictional discovery is a "total stranger" to the other party. *Cf. Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255-56 (1st Cir. 1966) (district court erred in not

allowing jurisdictional discovery where plaintiff was a "total stranger" to defendant).    To the contrary, that Parties here have engaged in extensive business dealings for years, are involved in at least two other lawsuits pending in California, [*see* dkt. 27 at 7-8], and are so familiar with each other that ICPEP already filed an extensive opposition brief to Defendants' motion challenging this Court's personal jurisdiction over the Defendants.

The thrust of ICPEP's argument in support of its request for jurisdictional discovery is that it "is not a mind reader and has no idea what the Court may require under these circumstances to determine the personal jurisdiction issue, especially given that the determination of personal jurisdiction is so fact-specific and case sensitive." [Dkt. 32 at 16.]  This argument is unpersuasive, given the significant amount of detail ICPEP has already set forth in its opposition to Defendants' Motion to Dismiss, as discussed above.  For these reasons, the Court concludes that ICPEP has not shown that the factual record is at least ambiguous or unclear on the issue of whether this Court has specific personal jurisdiction over the Defendants.  Thus, ICPEP is not entitled to conduct the jurisdictional discovery that it seeks.  Any ruling on the merits of Defendants' challenge to the Court's personal jurisdiction over them will be addressed in a ruling on the pending Motion to Dismiss, which will be issued in due course.

For these reasons, the Court finds that ICPEP's underlying request for jurisdictional discovery should be denied, such that the Court **VACATES** its previous Order allowing ICPEP to take limited jurisdictional discovery, [dkt. 19], and now **DENIES** ICPEP's request that it be allowed to do so, [dkt. 15].

## C.  Requests for Judicial Notice

ICPEP has filed multiple motions outside the standard briefing schedule related to either Defendants' Motion to Dismiss or Defendants' Motion to Reconsider.  In those motions, ICPEP

asks the Court to take either judicial notice of various things or allow additional evidence to be submitted in support of ICPEP's positions on the pending motions. [Dkt. 16 (asking the Court to take judicial notice of the IMDb reports of the Defendants and the Articles of Incorporation for Helix, Inc., for purposes of ruling on Defendants' Motion to Dismiss); dkt. 31 (asking the Court to take judicial notice of a complaint filed in Marion Superior Court and a webpage of the Indiana Securities Commission website for purposes of ruling on Defendants' Motion to Reconsider); dkt. 36 (asking the Court for leave to file additional evidence in support of its positions opposing Defendants' Motion to Dismiss and Defendants' Motion to Reconsider, specifically, a motion filed by ICPEP in the pending California arbitration); and dkt. 41 (asking the Court to take judicial notice of an order issued in the pending California arbitration staying all claims pending this Court's ruling on Defendants' Motion to Dismiss).] Defendants oppose each of these motions filed by ICPEP, primarily emphasizing Defendants' belief that these are not proper items for judicial notice because they concern matters in dispute between the Parties. [Dkt. 34 (opposing dkts. 16 and 31); dkt. 37 (opposing dkt. 36); and dkt. 42 (opposing dkt. 41).] ICPEP also filed reply briefs in support of its motions. [Dkt. 35 (reply in support of dkts. 16 and 31); dkt. 39 (reply in support of dkt. 36); and dkt. 43 (reply in support of dkt. 41).]

Federal Rule of Evidence 201 allows a court to take judicial notice of an adjudicative fact that is both "not subject to reasonable dispute" and either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Adjudicative facts are "simply the facts of the particular case or, stated differently, those to which the law is applied in the process of adjudication." *United States v. Arroyo*, 310 F. App'x 928, 929 (7th Cir. 2009) (internal cites omitted). For a court to take judicial notice, "indisputability is a prerequisite." *Hennessy v. Penril*

*Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995). Adjudicative facts that a party is requesting a court to take judicial notice of must be pertinent. *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). "Judicial notice is premised on the concept that certain facts . . . exist which a court may accept as true without requiring additional proof from the opposing parties." *Id.* But because this device "substitutes" the "conventional method of introducing evidence[,]" it "merits the traditional caution it is given, and courts should strictly adhere to the criteria established" by Rule 201. *Id.*

The items that a court can take judicial notice of are quite narrow. For example, it is proper for a court to take judicial notice of the fact that a certain city is in a specific federal district or that a certain drug is considered a certain type of controlled substance. *See Arroyo*, 310 Fed. App'x. at 928 (holding that the district court properly took judicial notice of the fact that methamphetamine is a Schedule II controlled substance and that Evansville is in the Southern District of Indiana). It is proper for a court to take judicial notice of a person's criminal conviction but not to take judicial notice of underlying DNA evidence or its validity. *See Mayes v. City of Hammond*, 2006 WL 1765407, at *5 (N.D. Ind. 2006). But it is not proper for a court to take judicial notice of a disputed fact; rather, the court will require the parties to present evidence. *See Ruddell v. Marathon Petroleum Co. LP*, 2017 WL 1346639, at *2 (S.D. Ill. 2017) (refusing to take judicial notice that thunder accompanies lightning and instead requiring the parties to present evidence to establish the weather conditions at the time of the incident).

After reviewing ICPEP's various motions and reply briefs, the evidence submitted therewith, and the Defendants' opposition briefs, the Court rules as follows. To the extent that ICPEP asks the Court to take judicial notice of or consider additional evidence in ruling on Defendants' Motion to Reconsider, [dkts. 31; 36], the Court **DENIES** those motions as unnecessary

because the Court did not and need not rely on that evidence to rule on that motion. To the extent that ICPEP asks the Court to take judicial notice of or consider additional evidence in ruling on the Motion to Dismiss, [dkts. 16; 36; 41], the Court **DENIES** those motions because the submitted evidence is not undisputed, as shown by the Defendants' opposition to the pending motions. *See also Hennessy*, 69 F.3d at 1354 (emphasizing that for a court to take judicial notice, "indisputability is a prerequisite"). The Court emphasizes, however, that the Motion to Dismiss remains pending before the assigned District Judge on this case and will be ruled on by him in due course. To the extent that the District Judge determines that the evidence submitted with those motions is relevant to his ruling on the pending Motion to Dismiss, it is completely within his discretion to consider that evidence as he deems appropriate.

## III.    CONCLUSION

For the reasons discussed herein, Defendants' Motion for Reconsideration is **GRANTED**. [Dkt. 26.] The Court **VACATES** its previous Order allowing ICPEP to take limited jurisdictional discovery, [dkt. 19], and now **DENIES** ICPEP's request that it be allowed to do so, [dkt. 15]. ICPEP's various motions for judicial notice or to submit additional evidence are **DENIED** for the reasons stated herein. [Dkts. 16; 31; 36; and 41.]

**SO ORDERED.**

Date: 5/28/2025

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

12